UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                    Case No. 3:24-cr-279

            Plaintiff,

    v.                                                              MEMORANDUM OPINION
                                                    AND ORDER

Mark Milton Castile (5),

            Defendant.


## I.    INTRODUCTION AND BACKGROUND

A drug trafficking investigation conducted in and around Sandusky, Ohio by a Drug Enforcement Administration joint task force led to the indictment of Defendant Mark Milton Castile and 19 co-defendants on charges of conspiracy to distribute, and possess with intent to distribute, controlled substances in violation of 21 U.S.C. § 846, as well as other drug and weapons charges.  (Doc. No. 18).  The investigation involved the use of various investigative techniques, including wiretaps placed on several Defendants' cell phones pursuant to Title III warrants issued by my colleague, United States District Judge Jack Zouhary.

Defendant Mark Milton Castile seeks to suppress evidence obtained through a Title III warrant issued on July 10, 2024.  (Doc. No. 358).  Castile argues the warrant affidavit contained a false statement regarding the necessity for a Title III warrant and that, therefore, the warrant is invalid.  (*See id.*).  Castile also requests an evidentiary hearing pursuant to *Frank v. Delaware.*  The

government filed a brief in opposition to the motion.  (Doc. No. 372).  Castile did not file a brief in reply.  For the reasons stated below, I deny Castile's motion.

## II.  DISCUSSION

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy.  *See, e.g., Carpenter v. United States*, 585 U.S. 296, 304 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted).  Probable cause is the "'reasonable grounds for belief'" that evidence of a crime will be found in a certain place or location.  *United Stated v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)).

Federal law permits the government to obtain a warrant to wiretap a suspect's phone only if the government (1) establishes there is probable cause to believe the wiretap will uncover evidence of a crime and (2) satisfies "the statutory necessity requirement."  *United States v. Gardner*, 32 F.4th 504, 514 (6th Cir. 2022) (citations and internal quotation marks omitted).  In pertinent part, § 2518 of Title 18 of the United States Code provides that a judge may grant an application for a Title III warrant "if the judge determines on the basis of the facts submitted by the applicant that . . . normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous . . . ."  18 U.S.C. § 2518(3)(c).  "Title III provides for the suppression of all or part of the contents of intercepted wire or oral communications 'if the disclosure of that information would be in violation of this chapter.'"  *United States v. Gray*, 521 F.3d 514, 522 (6th Cir. 2008) (quoting 18 U.S.C. § 2515).

2

Castile argues that the warrant affidavit contains a materially false statement that was necessary to satisfy the necessity requirement and, therefore, the July 10, 2024 warrant violates Title III and all evidence obtained pursuant to that warrant must be suppressed.  (Doc. No. 358 at 2-4). More specifically, Castile takes issue with the averment that other investigative techniques "will not provide additional information related to [Castile's] drug suppliers."  (Doc. No. 372-1 at 91) (filed under seal).  Castile asserts this statement is "demonstrably false" because his alleged "fentanyl pill source of supply" had been arrested in February 2024.  (Doc. No. 358 at 3) (citing Doc. No. 372-1 at 91).  In Castile's view, investigators already had identified his alleged supplier and therefore did not need a Title III warrant to identify that individual.

But, as the government points out, after the supplier's arrest, Castile told a confidential source he needed to go to Michigan to obtain more fentanyl pills to sell to the confidential source, rather than to Mansfield, Ohio, where his alleged supplier had been.  (Doc. No. 372-1 at 48-49).  In other words, investigators had reasonable grounds to believe Castile found a new, unknown fentanyl supplier.

I conclude the warrant affidavit provided a sufficient basis for Judge Zouhary to conclude there was probable cause to issue the Title III warrant and that "normal investigative procedures" pursued by task force officers to identify this new source of supply between the alleged supplier's February 2024 arrest and the July 10, 2024 warrant application had "failed or reasonably appear[ed] to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(3)(c).

A defendant seeking to suppress evidence based only upon alleged deficiencies in a warrant affidavit is entitled to a *Franks* hearing if the defendant makes "a substantial showing that the affidavit in support of the warrant at issue included a false statement, made knowingly or intentionally, or with reckless disregard for the truth" and that the false or misleading statements were material to the probable cause determination.  *United States v. Cruz*, 715 F. App'x 454, 456 (6th

3

Cir. 2017) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).  Castile has not made this required

showing and, therefore, I deny his motion for an evidentiary hearing.

### IV.     CONCLUSION

I conclude Defendant Mark Milton Castile failed to carry his burden to show the July 10,

2024 Title III warrant did not comply with federal law.  Therefore, and for the reasons set forth

above, I deny his request for a hearing and his motion to suppress.  (Doc. No. 358).


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge